
IN THE UNITED STATES DISTRICT COURT
DISRTICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Robbie Collins, | Civil Action No.: 2:18-cv-01491-RMG |
| Plaintiff, | |
| v. | |
| Warden C. Williams, M.C.I.; Byron Stirling, SCDC Director; and S. Williams, Grievance Coordinator, | **OPINION AND ORDER** |
| Defendants. | |

Before this Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 30) recommending that Defendant's motion to dismiss (Dkt. No. 22) be granted in part and denied in part. For the reasons set forth below, the Court adopts the R & R and grants in part and denies in part the Defendant's motion to dismiss.

## I. Background

Plaintiff Robbie Collins is currently incarcerated at the Broad River Correctional Institution ("Broad River") in the custody of the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 11 at 2.) Plaintiff makes four claims: denial of medical care, denial of outdoor recreation, freedom of religion, and denial of access to the grievance system.

Plaintiff alleges that his ribs were broken on April 4, 2018, after being attacked by a group of inmates. (Dkt. No. 11 at 5.) A doctor ordered an x-ray and other treatment, but Plaintiff was transferred to McCormick Correctional Institution ("MCI") before receiving any treatment. (*Id.*) On April 10, 2018, Plaintiff visited health services at MCI, and the nurse informed him he would receive an x-ray and told him to fill out a "sick-call request." (*Id.*) The following day, Plaintiff was placed in the Restrictive Housing Unit ("RHU"). (*Id.*) While in the RHU, Plaintiff claims

that he asked to see medical staff but continued to not be treated despite being in excruciating pain. (*Id.*) Plaintiff claims he then submitted two Requests to Staff Members ("RTSM"), since an inmate must seek an informal resolution of an issue prior to filing a step 1 grievance.

On April 20, 2018, Plaintiff filed an emergency step 1 grievance, alleging that he required medical attention for his ribs, and that he had been defecating and urinating blood. (Dkt. No. 1-2 at 1.) His grievance noted that he had wrote a "staff request to medical." (*Id.*) On May 1, 2018, Plaintiff went to the medical unit again for his ribs, and a nurse was allegedly "shocked" that his ribs were protruding out of his side and instructed Plaintiff to file a grievance. (Dkt. No. 1-1 at 1.) Plaintiff filed another emergency step 1 grievance that same day, reiterating that he had previously sent an RTSM. (Dkt. No. 1-2 at 3.) On May 6, 2018, Plaintiff filed an additional emergency step 1 grievance. (*Id.* at 5.) No later than June 2, 2018, Plaintiff was transferred from MCI to Broad River. On June 2, 2018, Plaintiff received a response to one of his alleged RTSMs (dated April 25, 2018), noting that MCI would not take any action because Plaintiff was no longer an inmate at MCI. (Dkt. No. 11-1 at 3.)

Plaintiff additionally claims that the Defendants unlawfully denied him outdoor recreation. Plaintiff filed a step 1 grievance regarding the issue on May 7, 2018, which stated that he had previously filed an RTSM. (Dkt. No. 1-2 at 13.)

Plaintiff's Complaint also alleges that the Defendants denied Plaintiff freedom of religion. (Dkt. No. 11 at 8.) Specifically, Plaintiff alleges he is a member of the Nation of Gods and Earths, which is allegedly not recognized as a religion by SCDC because it is designated as a Security Threat Group ("STG"). (*Id.*) On November 3, 2015, while incarcerated at Lieber Correctional Institution, Plaintiff filed a grievance regarding the STG designation. (Dkt. No. 1-2 at 7.) He requested Nation of Gods and Earth to be recognized as a religion, and sought religious materials,

the right to observe holy days, attend formal gatherings, and "correspond with the school." (*Id.*) The grievance was denied on December 31, 2015, and indicated that Plaintiff had since been transferred to Lee Correctional Institution. (*Id.* at 8.) Plaintiff filed a step 2 grievance on January 12, 2016, and the grievance was again denied on March 23, 2016. (*Id.* at 9)

Finally, Plaintiff claims that Defendant Williams denied him access to the grievance system by refusing to process his grievances without an answered RTSM. (Dkt. No. 11 at 10).

Plaintiff filed his Complaint on June 2, 2018, (Dkt. No.1) and filed an Amended Complaint (Dkt. No. 11) on June 25, 2018, in response to a proper form order. Defendants filed a motion to dismiss on August 29, 2018, and Plaintiff opposed. (Dkt. Nos. 22, 25.) The Magistrate Judge issued an R & R on October 18, 2018, and no parties have filed objections.[1] (Dkt. No. 30.)

## II. Legal Standard

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th

---

[1] Additionally, Plaintiff has filed a number of motions to compel, including one currently pending before the Magistrate Judge. (Dkt. No. 34.)

Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept. of Corr.*, No. 9:14-CV-4365-

RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015) *citing Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). No Parties have filed objections and the R & R is reviewed for clear error.

## III. **Discussion**

### A.    **Failure to Exhaust Denial of Medical Treatment and Outdoor Recreation**

Defendants argue that the Court should dismiss Plaintiff's claims regarding denial of medical treatment and outdoor recreation because Plaintiff failed to exhaust his administrative remedies. (Dkt. No. 22-1 at 3.) The Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997e(a). Exhaustion is required even where a prisoner seeks remedies, such as monetary damages, that are not available at an administrative proceeding. *See Booth v. Churner*, 532 U.S. 731, 740 (2001). It is the defendant's burden to establish that a plaintiff failed to exhaust his administrative remedies. *See Wilcox v. Brown*, 877 F.3d 161, 167 (4th Cir. 2017). While a Plaintiff need not plead exhaustion, at the pleadings stag, "a prisoner's complaint may be dismissed for non-exhaustion 'in the rare case where failure to exhaust is apparent from the face of the complaint.'" *Id.*

The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). In order to exhaust his administrative remedies, an inmate must avail himself of every level of available administrative review in the prison grievance system, which means "using all steps that the agency holds out, and doing so properly." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (citation omitted). However, an administrative remedy is not "available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008). Pursuant to SCDC policy, as demonstrated on the form provided to Plaintiff, an inmate seeking to complain of prison conditions must first attempt to informally resolve the

complaint by sending an RTSM. (Dkt. No. 1-2 at 8.) If informal resolution is unsuccessful, an inmate may file a "Step 1 Grievance" with the warden. If the inmate is not satisfied with the warden's decision, he may appeal the decision via a step 2 grievance. (*Id.*; SCDC's Grievance Policy, GA-01.12.)[2]

Defendants argue that Plaintiff's Complaint was premature since he failed to wait approximately 114 days after filing his grievance in order to properly exhaust his claims, presumably since this is approximately the full amount of time provided SCDC to resolve complaints. *See Malik v. Ward*, No. CIVA 8:08CV01886, 2010 WL 936777, at *3 (D.S.C. 2010) ("Thus, a SCDC prisoner must wait approximately 114 days from presenting his Step 1 Grievance to the prison to file a complaint in federal court.... If the prisoner has not received a response '[a]fter approximately 114 days have passed, he will have exhausted 'such administrative remedies as are available.'") (citations omitted).

However, as the Magistrate Judge correctly found, this rule is inapplicable here. To begin with, Plaintiff filed his grievances regarding his broken ribs as emergency grievances, which are allowed where the grievance relates to "conditions in which any person's health, safety or welfare is threatened or in serious danger." (GA-01.12 at §14.1.) An emergency grievance must be responded to within seven (7) days, shortening the time in which Defendants must respond and rendering the 114 day time period inappropriate in this case. Furthermore, a Plaintiff must only exhaust administrative remedies *available* to him. Here, Plaintiff alleges that the Defendants failed to respond to his multiple RTSMs, and by the time he received a response, on June 2, 2018, he had already been transferred to a different facilities. Given the emergency nature of the grievance and

---

[2] *Malik v. Ward*, No. CIVA 8:08CV01886, 2010 WL 936777, at *2 (D.S.C. Mar. 16, 2010) ("the Court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA–01.12.").

Defendants alleged failure to return signed RTSMs, it was impossible for Plaintiff to file a grievance with signed RTSMs. *See Hinojos v. Bowers*, No. 2:14-CV-01800-DCN, 2015 WL 4878812, at *9 (D.S.C. 2015) (holding that plaintiff exhausted the administrative remedies available to him where he was unable to file a proper grievance because he could not get a response to his RTSM form). The same is true for Plaintiff's grievance for outdoor recreation. On the face of the Complaint, Plaintiff alleged that he sent an RTSM regarding this grievance on April 11, 2018, yet never received a respond. (Dkt. No. 1-2 at 13.)

Therefore, the Court denies Defendants' motion to dismiss regarding Plaintiff's claims for denial of medical treatment and outdoor recreation.

### B. Freedom of Religion

To state a claim under the Free Exercise clause of the First Amendment, Plaintiff must state facts sufficient to show that he "holds a sincere belief that is religious in nature and that prison regulations impose a substantial burden on his right to free exercise of that religious belief." *Ackbar v. Byers*, No. CV 4:17-1019-RMG, 2018 WL 1181642, at *2 (D.S.C. 2018), *aff'd*, 728 F. App'x 244 (4th Cir. 2018). As the Magistrate Judge correctly held, Plaintiff here failed to plead specific facts regarding a substantial burden to survive a motion to dismiss. Plaintiff does not describe the importance of the materials or texts he is requested or how his lack of access affects his ability to practice his religion, did not identify any specific "holy days," or explain how the ban on group gatherings affects his ability to practice his beliefs. *See Id.*, at *2 ("Plaintiff has not alleged facts suggesting that he is unable to practice his religion without the confiscated materials.").

Furthermore, Plaintiffs claims are moot because, as a general rule, the transfer of an inmate to a new facility renders moot a prior claim for injunctive relief. *See Williams v. Griffin*, 952 F.2d

820, 823 (4th Cir. 1991) ("The transfer, however, has rendered moot [plaintiff's] claims for injunctive and declaratory relief"). Therefore, Plaintiff's freedom of religion claim is dismissed.

### C. Access to SCDC Grievance System

Plaintiff argues that Defendant Williams denied him access to the SCDC grievance system by refusing to process his grievances without a signed RTSM. (Dkt. No. 11 at 5 – 6.) While this is relevant to the analysis of exhaustion of administrative remedies, Defendant Williams' refusal to process the grievances does not rise to the level of a constitutional claim. *See Hinojos v. Bowers*, No. 2:14-CV-01800-DCN, 2015 WL 4878812, at \*16 (D.S.C. 2015) ("Even if Defendants[']…actions violate the policies of the South Carolina Department of Corrections, the fact that a Defendant has not followed SCDC's policies or procedures, standing alone, does not amount to a constitutional violation."). Plaintiff's claim regarding access to the SCDC grievance system is therefore dismissed.

### IV. <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 30). Therefore, Defendants' Motion to Dismiss is **DENIED IN PART** and **GRANTED IN PART**. (Dkt. No. 22.) Defendant's motion to dismiss Plaintiff's claims for denial of medical leave and outdoor recreation is **DENIED**, and those claims survive the motion to dismiss. Defendant's motion to dismiss Plaintiff's claims for freedom of religion and access to the grievance system is **GRANTED**, and those claims are **DISMISSED**. The Court **REFERS** this case back to the Magistrate Judge for further action consistent with this order.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

November 13, 2018
Charleston, South Carolina